Frank B. Rather, J.
The defendant was indicted by an Erie County Grand Jury for criminal possession and sale of a *73 dangerous drug in the third degree in violation of sections 220.16 and 220.39 of the Penal Law. He has made an omnibus motion for discovery and inspection, a bill of particulars, delivery of all evidence favorable to him (i.e., “Brady” materials) and dismissal of the indictment on a number of grounds including the alleged unconstitutionality of sections 65.00 and 70.00 of the Penal Law.
First, the defendant’s motion -for discovery and inspection is in reality a blanket request for the court to order the prosecution to open its file for inspection by the defendant. CPL article 240 does not establish an “ open-file ” rule. Discovery in criminal proceedings is limited to those items listed in CPL 240.20 under the conditions set forth therein.
Names or statements of witnesses are not discoverable before trial. The right to obtain a prior statement of a witness accrues only after that witness has testified -at trial. (People v. Rosario, 9 N Y 2d 286.) The defendant has requested physical inspection and scientific testing of items of evidence by experts retained by the defendant. In view of the fact that this ease involves possession and sale of a “ controlled substance ”, the court finds that the defendant’s request for inspection and testing is reasonable and necessary for the preparation of his defense. The inspecting and testing is to be conducted pursuant to mutually agreeable terms and conditions established by the parties. There has been no such showing by the defendant with regard to the other numerous requests made in his motion. Accordingly, defendant’s request for discovery and inspection is granted with respect to items 8 (a), (b) and (c) contained in the notice of motion and denied with respect to all other requests in Paragraph 8.
■ The defendant has also moved for a bill of particulars regarding his indictment. The purpose of a bill of particulars in a criminal proceeding is not to obtain evidence but rather to clarify certain matters set forth in the indictment (CPL 200.90, subd. 2; see People v. Ricci, 59 Misc 2d 259). Accordingly, the motion for a bill of particulars is denied with respect to items 1 (b) through (e) in the notice of motion and granted with respect to all other items requested 'therein.
The defendant has also moved to dismiss the indictment in the interests of justice, on the grounds that there was legally insufficient evidence to sustain the charges therein and that sections -65.00 and 70.00 of the Penal Law are unconstitutional. The court has examined the minutes of the proceeding before the Grand Jury and finds that there was evidence presented to *74 sustain the charges in the indictment, and the motion to dismiss on the grounds of insufficient evidence is denied.
In support of his argument on the unconstitutionality of sections 65.00 and 70.00 of the Penal Law, counsel for the defendant argues that the penalties upon conviction for an A-III felony are ‘ cruel and severe, excessive, unnecessary and disproportionate.” Furthermore, he contends that qualifications for probation eligibility for A-III felons give rise to the “ strong probability ” that punishment will be inflicted arbitrarily.
The Eighth Amendment to the United States Constitution prescribes that1 ‘ Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.” (Emphasis added.) That the Eighth Amendment is fully applicable to the States through the due process clause of the Fourteenth Amendment is now well settled (see Furman v. Georgia, 408 U. S. 238; Robinson v. California, 370 U. S. 660; Powell v. Texas, 392 U. S. 514). The question of what punishments are cruel and unusual, however, is not as well settled. From the constitutional convention to the present, reasonable and learned men have failed to produce an acceptable definition of, or even guideline for determining what is, cruel and unusual punishment (see Wilkerson v. Utah, 99 U. S. 130; Weems v. United States, 217 U. S. 349; Trop v. Dulles, 356 U. S. 86).
The defendant has been charged with two Class A-III felonies under the amended article 220 of the Penal Law. The penalties upon conviction for an A-III felony for one with no prior criminal record range from probation to a minimum of not less than one year nor more than eight years, four months to a maximum of life imprisonment (Penal Law, § 65.00,70.00). Probation upon conviction for an A-III felony can only be obtained if the defendant co-operates with the prosecution in the investigation, apprehension or prosecution of any person for an article 220, i.e., drug related felony. Furthermore, probation for the A-III felony can be obtained only upon recommendation of the prosecution with a finding by the court, “ [h]aving regard to the nature and circumstances of the crime and to the history, character and condition of the defendant * * * that: (i) Institutional confinement of the defendant is not necessary for the protection of the public; (ü) The defendant is in need of guidance, training or other assistance which, in his case, can be effectively administered through probation supervision; (iii) The defendant has or is providing material assistance in the investigation, -apprehension or prosecution of -a person for a felony defined in article two hundred twenty or the attempt *75 or conspiracy to commit any such felony; and (iv) Such disposition is not inconsistent with the ends of justice. Provided, however, that the court .shall not impose a sentence of probation in any case where it sentences a defendant for more than one crime and imposes a sentence of imprisonment for any one of the crimes, or where the defendant is subject to an undischarged indeterminate or reformatory sentence of imprisonment which was imposed at a previous time by a court of this state and has more than one year to run.” (Penal Law, § 65.00, subd. 1, par. [b].) The defendant contends that the punishment for an A-III felony is “in effect ’ ’ a life sentence, and that only large scale drug users and “ dealers ” will be able to take advantage of the probation criteria. He further argues that the availability of probation will result in an arbitrary use of power and/or unusually severe and excessive punishments.
. The most recent and detailed analysis of the Eighth Amendment’s cruel and unusual punishment clause is provided by the Supreme Court’s decision in Furman v. Georgia (408 IT. S. 238, supra). Although there was neither a single majority nor minority opinion on the particular question presented to the court (the constitutionality of the death penalty), the several opinions are helpful in determining the issue at hand. After examining five opinions of the Justices who ruled the death penalty unconstitutional, this court cannot find that the penalties upon conviction for an A-III felony violate the equal protection Justice Douglas finds “ implicit ” in the Eighth Amendment, or that they do not “comport with human dignity” (Brehuan), are applied in a “ wanton and freakish” manner (Stewabt), “infrequently ” (White), or are generally “ morally unacceptable ” or “ excessive ” (Marshall). (See Furman v. Georgia, supra, p. 415 [Powell dissent].)
The most persuasive criteria for determining what punishments are cruel and unusual were provided by Justice Brehhah (p. 271): “ The primary principle,” Brehxax states ,“ is that a punishment must not be so severe as to be degrading to the dignity of human beings. ’ ’ The Justice correctly pointed out that a punishment degrades human dignity (p. 274) “ [W]hen, without reason, it inflicts upon some people a severe punishment that it does not inflict upon others.” (Emphasis added.)
The maximum punshment for the A-III felon, life imprisonment, is, no doubt, severe. There is also no doubt that to imprison an individual simply because he is a narcotics addict is cruel and unusual (see Robinson, 370 U. S. 660, supra); however, to punish someone for possession or sale of dangerous *76 drugs[1], drugs whose sole legacies are human misery, suffering and crime, is not in this court’s opinion “ [degrading to the dignity of human beings.” Our Legislature made its decision to “ toughen ” the penalties for drug possession and sale after it became tragically clear that society was rapidly losing control in its battle against the scourge of drug abuse. There can be no doubt that the battle was started too late for the thousands of innocent, and mostly poor, victims of drug addiction. It is also unfortunate that many street salesmen or “ pushers ” are acting simply to satisfy their own addiction. Nevertheless, those who possess or sell dangerous drugs and reap the profits from their sick victims have been put on notice that they will be dealt with severely. This action was taken at the behest and with the encouragement of‘1 contemporary society ’ ’ which made the decision through its elected representatives that stricter jail sentences would serve the legitimate “ purpose ” of controlling drug possession and sale (Furman v. Georgia, supra, pp. 277, 280). It is the individual who possesses and sells drugs who degrades the dignity of human beings. It is simply not cruel and unusual to remove him from society and punish him for his crimes; nor can it be cruel and unusual to offer certain offenders the opportunity for probation and rehabilitation. Furthermore, there is little room for arbitrary conduct by the judiciary in the guidelines set forth in section 65.00 of the Penal Law.
Defendant’s motion to dismiss the indictment in the interests of justice and on the grounds that sections 65.00 and 70.00 of the Penal Law are violative of the Eighth Amendment to the United States Constitution is therefore denied.

 Dangerous drugs, now referred to as “ controlled substances,” are scheduled in section 3306 of the Public Health Law.