THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WOODEN, Appellant.—Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Defendant appeals from his conviction, after a jury trial, of grand larceny in the first degree (Penal Law, § 155.40) for which he was sentenced to an indeterminate term of imprisonment having a maximum of five years. His conviction arises from the theft of appliances and miscellaneous personal property from Cheryl Black by means of threats. The proof is that he told Miss Black that several of his friends, one of whom he claimed was under indictment for a murder in Buffalo, would injure or kill her if she did not give the individual accused of murder a sum of money (or an equivalent amount of property) to assist him in his flight from prosecution. At trial, Miss Black testified that in February, 1976 she accompanied the defendant, a casual friend, to the Mohawk Inn to meet his friends for what she believed was a purely social occasion; that she

was forcibly prevented from leaving by the defendant; and that she was told that defendant's friend needed $1,500. She was told to "co-operate" and her life was threatened. The defendant drove her to her apartment and by means of further threats to her life and safety, forced her to let him take her property in place of the $1,500 because Miss Black had only a small amount of cash. After parting company with the defendant, the victim immediately contacted a friend, Ben Bouiye, and told him what had happened. Bouiye testified over objection that when Miss Black reached him that evening, she was trembling and crying. He recited in detail the story of the theft as told to him by her. The defendant's version of the events flatly contradicted those of Miss Black and Bouiye. On appeal defendant contends that Bouiye's testimony was impermissible hearsay and an improper bolstering of Miss Black's testimony and therefore reversible error. The District Attorney conceded that Bouiye's testimony "should have been more closely circumscribed" and that the "error was sufficiently prejudicial to require a new trial." We agree. It is established that "A party may not, ordinarily, bolster up the testimony of [its] witness by showing that the witness has previously made statements of the same tenor." (Richardson, Evidence [10th ed], § 519; see *Crawford v Nilan,* 289 NY 444; cf. *People v Mackley,* 60 AD2d 791, and *People v Vicaretti,* 54 AD2d 236, where this court held that testimony regarding the details of a rape as told to the witness by the victim was impermissible.) Exceptions to the rule are recognized where the testimony of a witness has been assailed as a "recent fabrication" (see, e.g., *People v Coffey,* 11 NY2d 142; *People v Singer,* 300 NY 120) and also where the testimony is evidence of the timely complaint of the victim (see, e.g., *People v Alex,* 260 NY 425; *Baccio v People,* 41 NY 265; Wigmore, Evidence [3d ed], § 1142). While the facts that Miss Black made immediate complaint that her property had been stolen and that she was nervous and upset would have been admissible, the details of the episode were improperly allowed. There is no basis for a claim of recent fabrication. In view of the District Attorney's fairness in conceding the error it is unnecessary to discuss the other asserted grounds for reversal. (Appeal from judgment of Monroe County Court—grand larceny, first degree.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.