■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered April 13, 1983, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to dismiss the indictment pursuant to CPL 30.20. Although the defendant was incarcerated prior to the trial for a period of 16 months, it cannot be said that he was thereby denied his constitutional right to a speedy trial as there was no showing of prejudice to his defense or deliberate or negligent delay by the People *(see, People v Taranovich,* 37 NY2d 442; *People v Johnson,* 38 NY2d 271; *People v White,* 32 NY2d 393; *People v*

*Prosser,* 309 NY 353; *cf., People v Moore,* 47 NY2d 872, *revg* 63 AD2d 602 *for reasons stated in dissent of Sandler, J., at App Div).* Here, some of the delays attributable to the People were caused by court scheduling and assignment, which "weigh less heavily" on the People in evaluating a constitutional speedy trial claim *(see, People v Watts,* 57 NY2d 299, 303; *cf., People v Johnson, supra).*

The denial of that branch of the defendant's omnibus motion which was to dismiss the indictment pursuant to CPL 30.30 was also proper since the People announced their readiness for trial within six months after the felony complaint was filed against the defendant *(see, People v Osgood,* 52 NY2d 37).

Finally, the trial court properly denied the defendant's motion for a mistrial. Although the testimony of one of the prosecution's witnesses, which was concerned with the recent outcry of the victim, impermissibly included details outside of the scope of the exception to the hearsay rule permitting the introduction of such testimony *(see, People v Wooden,* 66 AD2d 1004; *see also, People v Vicaretti,* 54 AD2d 236), this error was harmless in light of the overwhelming evidence of the defendant's guilt and the trial court's immediate curative instructions which limited the jury's application of that testimony. Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.