■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK AUFIERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered April 8, 1986, convicting him of sodomy in the first degree (two counts) and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the identification testimony.

Ordered that the judgment is affirmed.

Initially, we hold that the complainant's lineup and in-court identifications were not the product of an unduly suggestive photographic identification. Before the complainant viewed the photographic array a detective told her that one of the photographs was of the suspect. However, it is well settled that this does not, by itself, taint the identification *(see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020, *rearg dismissed* 27 NY2d 733). Thus, the photographic identification was not unduly suggestive and the subsequent lineup and in-court identifications made by the complainant were not tainted.

We also reject the defendant's argument that his right to counsel was violated because he was not represented at the lineup. The lineup was held prior to the commencement of formal proceedings and, therefore, the defendant did not have the right to counsel at the lineup *(see, People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846).

The court did not err by allowing certain witnesses to testify that, after the crime, they observed the defendant driving the vehicle in which the sodomy occurred. Such testimony was relevant to demonstrate that the defendant had access to the car *(see,* Richardson, Evidence § 4 [Prince 10th ed]). Furthermore, as these observations were not the product of a police-initiated procedure, the defendant's argument that they were subject to suppression pursuant to *United States v Wade* (388 US 218) and CPL 710.30 must be rejected *(see, People v Gissendanner,* 48 NY2d 543).

Although one of the prosecutor's remarks in his summation could only have served to inflame the jury, in light of the overwhelming evidence of the defendant's guilt we conclude that the defendant was not deprived of a fair trial *(see, People v Wood,* 66 NY2d 374).

The trial court properly denied the defendant's request for a missing witness charge for two witnesses. One witness was in the hospital and thus not available *(see, People v Gonzalez,* 68 NY2d 424). Further, the defendant failed to demonstrate that either witness would have provided noncumulative testimony about a material issue *(see, People v Gonzalez, supra).* Therefore, the court's refusal to so charge was proper.

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's other contentions and find that they are either unpreserved for appellate review or without merit. Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.