■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE LoPIZZO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered December 10, 1984, convicting him of robbery in the first degree (three counts; one count under indictment No. 58068 and two counts under indictment No. 58300), upon jury verdicts, and imposing sentences. The appeal brings up for review the denial, after a hearing (Harris, J.), of that branch of the defendant's omnibus motion which sought to suppress identification testimony.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, he was not denied his right to counsel at the corporeal lineups in which he was positively identified by three of the robbery victims. These lineups occurred on the evening of his arrest, prior to the filing of the felony complaint which commenced the prosecution (CPL 1.20 [8], [17]). Thus, at the time of the lineups, the defendant had no right to counsel *(see, People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *People v Jones,* 140 AD2d 372; *People v Aufiero,* 139 AD2d 656; *see also, People v Hernandez,* 70 NY2d 833).

Furthermore, the hearing court correctly denied the defendant's motion to dismiss the indictments as he was not deprived of his statutory or constitutional rights to a speedy trial. Nearly all of the preindictment delay was directly attributable to the defendant's repeated requests for adjournments so that plea negotiations could be considered. Thus, this time was properly charged to the defendant (CPL 30.30 [4], [6];

*People v Kopciowski,* 68 NY2d 615). Moreover, although the prosecution was not obligated to establish that the defense-requested adjournments prevented the issuance of an indictment *(see, People v Meierdiercks,* 68 NY2d 613; *People v Worley,* 66 NY2d 523), in the instant case the evidence clearly established that the prosecution did in fact delay presentation of this case before a Grand Jury to enable the defendant to seek a satisfactory plea agreement. Additionally, the defendant's constitutional right to a speedy trial was not violated as the delay was not extensive, was caused primarily by defense-requested adjournments, and did not impair the defense of this prosecution *(see, People v Taranovich,* 37 NY2d 442; *People v Williams,* 130 AD2d 697; *People v Smith,* 129 AD2d 747, *lv dismissed* 73 NY2d 896; *see also, People v Williams,* 137 AD2d 860).

We have reviewed the defendant's remaining contentions and find them to be without merit *(see, People v Brown,* 136 AD2d 1, *lv denied* 72 NY2d 857, *cert denied* — US — , 109 S Ct 240; *People v Mitchell,* 129 AD2d 589; *People v Miller,* 106 AD2d 787; *People v Spencer,* 79 Misc 2d 72; *People v Hvizd,* 70 Misc 2d 654). Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.