■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD STEPHENS, Also Known as RICHARD STEPHANS, Also Known as RICHARD WOODY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered June 26, 1987, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant was the only witness to testify as to the armed raid that occurred at her apartment in the early morning hours of July 26, 1985. Contrary to the defendant's contention, this witness had a strong independent

basis for her identification of him as one of the perpetrators. A review of the record shows that it was established that the witness had lived in the same neighborhood as the defendant and had previously seen him there on numerous occasions.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). While the defense at trial highlighted certain inconsistencies in the witness's description, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the jury, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Here, the witness offered credible evidence as to her prior knowledge and identification of the defendant.

We find that the defendant was not denied a fair trial by the prosecutor's summation. The record indicates that defense counsel initially questioned the credibility of the People's witness. Therefore, the prosecutor's comments regarding the credibility of that witness were not improper *(see, People v Colon,* 122 AD2d 150).

We have examined the defendant's remaining contention and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.