■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THOMAS, Appellant.—Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered October 17, 1989, convicting defendant after a jury trial of two counts of sexual abuse in the first degree and one count of endangering the welfare of a child, and sentencing him to concurrent indeterminate terms of imprisonment of from 1 to 3 years on the sexual abuse counts, and 9 months on the endangerment count, unanimously affirmed.

Defendant sexually abused a seven year old girl who was left in his care one weekend while he was living with her cousin. Defendant contends that the trial court erred in allowing a doctor to testify that the child had been sexually abused on the ground that the basis of the doctor's opinion was never explained to the jury. In fact, the basis of the physician's opinion was that the child had tested positive for both gonorrhea and chlamydia, which the court concluded was too prejudicial to reveal on direct examination, although defendant was free to inquire into the subject if he so chose. As defendant was free to elicit the basis of the opinion, he cannot be heard now to complain because he declined to do so as a matter of trial strategy.

Defendant also argues that the trial court should not have permitted two police officers to testify that the child reported the abuse to them one day after it had occurred. Defendant concedes that there is an exception to the hearsay rule which allows testimony that a victim of rape has made a prompt complaint of the incident, but contends that this "prompt outcry" exception is limited to rape, and does not extend to a victim of sexual abuse. (See generally, People v Rice, 75 NY2d 929.) Nonetheless, recent decisions have applied the exception to victims of various types of sexual assaults (see, e.g., People v Ranum, 122 AD2d 959; People v Scott, 124 AD2d 974), and we note that the Court of Appeals recently held that such an exception applies to victims of "sexual attack" (People v Rice, 75 NY2d, supra, at 931). We therefore find that the exception is equally applicable here.

Further, the victim made a complaint at the first suitable opportunity, and thus the delay of just one day does not render the evidence incompetent (see, e.g., People v Pace, 145

AD2d 834, *lv denied* 73 NY2d 894; *People v Gonzalez,* 131 AD2d 873, *lv denied* 70 NY2d 800). Similarly, the fact that both officers were permitted to testify that she had reported the abuse did not constitute error *(People v Rice, supra,* at 931). Concur—Sullivan, J. P., Kupferman, Ross, Kassal and Smith, JJ.