■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIUS McDANIEL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered August 17, 1990, convicting him of rape in the first degree, rape in the second degree (two counts), sexual abuse in the first degree (two counts), sexual abuse in the second degree (five counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that it was error for the trial court to allow testimony that the victim told her mother, stepfather, the police, and an Assistant District Attorney about what the defendant had done to her. The court did not err in permitting the complainant, her mother, and the complainant's friend, to testify that the complainant told her mother about the incidents on the mornings after their occurrence. Such testimony is admissible as evidence of a prompt outcry (Richardson, Evidence § 519 [Prince 10th ed]; *see also, Baccio v People,* 41 NY 265; *People v O'Sullivan,* 104 NY 481). However, the court did err in allowing testimony that the complainant had told her stepfather, the police, and an Assistant District Attorney about the incidents two days after the last occurrence. Evidence concerning those complaints was not admissible because they cannot be considered "prompt" outcries *(see, People v O'Sullivan, supra).* The court also erred in allowing testimony regarding the details of the victim's complaints, since such details are outside the exception to the hearsay rule permitting the introduction of such testimony *(see, People v Wooden,* 66 AD2d 1004; *People v Smith,* 129 AD2d 747). Nevertheless, in light of the overwhelming evidence of the defendant's guilt, we find these errors to be harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Rice,* 75 NY2d 929, 932; *People v Smith, supra).*

The defendant also contends that the prosecutor improperly vouched for the credibility of his witnesses, and improperly expressed his personal opinion in his opening statement and during his summation. Since the defendant made no objection to any of the statements by the prosecutor, to which he would now assign error, this issue is unpreserved for appellate review (CPL 470.05 [2]). In any event, we find that the prosecutor did not express his personal opinion about the defendant's guilt *(see, People v Simmons,* 110 AD2d 666), and his summation was a fair response to the defense summation which attacked the credibility of the prosecution's witnesses *(see, People v Colon,* 122 AD2d 151; *People v Alexandria,* 126 AD2d 655; *People v Stephens,* 156 AD2d 604).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.