■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN TEIXEIRA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered June 1, 1990, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree (two counts), assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The mother of the complaining witness testified that after the occurrence of the sexual attack which is the basis of the present indictment, her daughter came to her and said that she had been raped. The victim's mother also testified that her daughter claimed to have recognized her assailant. While the evidence of the victim's complaint to her mother about the sexual assault was properly admitted into evidence *(see generally, People v Rice,* 75 NY2d 929; *People v McDaniel,* 178 AD2d 612; *People v Thomas,* 176 AD2d 470; *People v Gonzalez,* 131 AD2d 873), we agree with the defendant that it was error to permit the victim's mother to testify as to her daughter's claim to have known her attacker. This testimony went "beyond the limited purpose of the [recent outcry] exception [to the hearsay rule] which is simply to show that a complaint was made" *(People v Rice, supra,* at 932; *People v McDaniel, supra).* However, there is no significant probability that this error contributed to the jury's decision to convict the defendant, and reversal on this ground is therefore unwarranted *(see, People v Crimmins,* 36 NY2d 230; *see also, People v Rice, supra,* at 932; *People v Lopez,* 175 AD2d 267, 269; *People v Allen,* 172 AD2d 542).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY UZOMAOKORO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orlikoff-Flug, J.), rendered April 22, 1991, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed *(see, People v Pellegrino,* 60 NY2d 636). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.