■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NESTOR ANTONEDDY, Appellant. [641 NYS2d 95] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 21, 1994, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of a fair trial as a result of being tried in absentia when he absconded before the commencement of trial (*see, People v Parker,* 57 NY2d 136; *People v Roe,* 196 AD2d 899, 900). The court did not err in denying defense counsel's request for a missing witness charge concerning the undercover police officer who monitored the so-called "buy-and-bust" transaction for which the defendant was arrested. The undercover officer was unavailable to testify as a result of injuries received in an unrelated "buy-and-bust" operation during which, among other injuries, his jaw was broken in three places and had to be wired

shut (*see, People v Gonzalez,* 68 NY2d 424; *People v Shaw,* 160 AD2d 1032, 1033; *People v Aufiero,* 139 AD2d 656, 657). Furthermore, the evidence in the record supports the court's conclusion that the testimony of the uncalled witness would have been entirely cumulative (*see, People v Kitching,* 78 NY2d 532, 536-537; *People v Fields,* 76 NY2d 761, 763; *People v Vasquez,* 76 NY2d 722, 724; *People v Erts,* 73 NY2d 872, 874).

The defendant's remaining contentions are without merit. Balletta, J. P., Thompson, Santucci and Florio, JJ., concur.