■ In the Matter of PAUL N., a Person Alleged to be a Juvenile Delinquent, Appellant. [665 NYS2d 912] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated July 26, 1996, which, upon a fact-finding order of the same court, dated February 20, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand

larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him on probation for two years. The appeal brings up for review the fact-finding order dated February 20, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree.

The appellant contends that the complainant's testimony was not credible. However, resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions for the trier of fact (*cf., People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf., People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

Furthermore, the appellant was not entitled to a missing-witness charge (*see, People v Kitching,* 78 NY2d 532; *People v Antoneddy,* 226 AD2d 549). Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.