■ In the Matter of MICHAEL MART, Respondent, v VILLAGE OF PORT JEFFERSON ZONING BOARD OF APPEALS, Appellant. [699 NYS2d 99] —In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Port Jefferson Zoning Board of Appeals, dated September 19, 1997, which, after a hearing, *inter alia*, denied the petitioner's application for permission to expand an existing noncomplying use, the appeal is from (1) an order of the Supreme Court, Suffolk County (Henry, J.), dated July 23, 1998, which, upon the granting of the petitioner's motion for renewal, vacated a prior order of the same court dated February 18, 1998, denying the petition, and (2) a judgment of the same court, entered September 16, 1998, which granted the petition and remitted the matter to the "appropriate Village body" for issuance of a building permit with appropriate conditions.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the order must be dismissed as no appeal as of right lies from an order in a proceeding pursuant to CPLR article 78 and leave to appeal has not been granted (see, CPLR 7804).

The petitioner owns and operates a bookstore in the Village of Port Jefferson. The bookstore was a permitted use but the building was noncomplying as it did not satisfy the parking requirements of the Village. The petitioner sought to expand the three-story structure to alleviate certain problems caused by the architecture of the century-old building. While the expansion would increase the gross floor area of the building from 2,541 to 4,617 square feet, the petitioner maintained that the proposed uses of the building would not increase the noncompliance with the parking requirements of the Village Code. Specifically, the petitioner claimed that over one-half of the expanded lower level space, which was previously used for retail purposes, would be restricted to storage use only, and therefore that additional space was exempt from any parking requirements. However, the Zoning Board of Appeals (hereinafter the Board) concluded that the proposed addition would create a need for 13 additional parking spaces, which the petitioner could not provide, and it rejected the application. The Supreme Court agreed with the petitioner, and directed the Board to issue the permit, with conditions.

The petitioner's application would increase the building's noncompliance with the parking requirements of the Village Code only if the area proposed for storage purposes, 990 square feet of the lower level, was considered to be retail in nature. The Board's position that the lower level must be considered a retail use, and its refusal to accept the petitioner's offer to covenant that the use would be limited to storage, does not have a rational basis and is not supported by substantial evidence in the record (see, Matter of Sasso v Osgood, 86 NY2d 374; Matter of Sunrise Plaza Assocs. v Town Bd., 250 AD2d 690). Accordingly, the Supreme Court properly annulled the Board's determination. O'Brien, J. P., Santucci, Friedmann and Florio, JJ., concur.