■ In the Matter of RAYMOND G., a Person Alleged to be a Juvenile Delinquent, Appellant. [725 NYS2d 222] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated October 15, 1999, which, upon a fact-finding order of the same court, dated July 2, 1999, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him with the New York

State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated July 2, 1999.

Ordered that the appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see, Matter of David H.,* 69 NY2d 792, 793; *Matter of Aulden M.,* 226 AD2d 536; *cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the determination made in the fact-finding order. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, Matter of Kiheem T.,* 229 AD2d 545; *cf., People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Derrick N.,* 228 AD2d 445; *Matter of Joseph J.,* 205 AD2d 776, 777; *Matter of Kwan M.,* 159 AD2d 707; *cf., People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

The appellant was not entitled to a missing-witness charge (*see, Matter of Paul N.,* 244 AD2d 488; *cf., People v Kitching,* 78 NY2d 532 ; *People v Antoneddy,* 226 AD2d 549).

The appellant's challenge to his placement with the New York State Office of Children and Family Services is rendered academic, as he has already completed the placement (*see, Matter of Charlene J.,* 280 AD2d 671; *Matter of Crandell M.,* 266 AD2d 548; *Matter of Carlos S.,* 243 AD2d 569; *Matter of Ricardo R.,* 220 AD2d 431).

The appellant's remaining contention is without merit. Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.