OPINION OF THE COURT
Dominic R. Massaro, J.
*617 In the first two counts of the indictment, defendant is charged with attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) and menacing in the second degree (Penal Law § 120.14 [1]) regarding an alleged incident against Inez Ferguson on December 1, 2003. In count three, he is charged with assault in the third degree (Penal Law § 120.00 [1]) for an alleged related incident against Ms. Ferguson on January 3, 2004. In counts four and five, he is charged with robbery in the third degree (Penal Law § 160.05) and grand larceny in the fourth degree (Penal Law § 155.30 [5]) for an alleged incident against Isaiah Ferguson, who is the son of Ms. Ferguson, on or about and between August 1, 2003 and September 1, 2003.
The defense moves to have the “prompt outcry” jury instruction given regarding Isaiah Ferguson’s initial statement to Inez Ferguson, his mother. The motion is denied.
Factual Setting
In the course of the trial, Isaiah Ferguson testified to the following:
“asst. dist. atty.: Did you call the police right away? “isaiah ferguson: I told my mother, I guess she did.
“defense counsel: [D]id you ever go to the precinct or call 911 about this incident in August or September?
“isaiah ferguson: I told my mother, I let her deal with it. I really don’t know.” (Transcript at 9, 11.)
Likewise, Inez Ferguson, his mother testified to the following:
“defense counsel: When you went to the precinct, you also told them for the first time that he had taken, you said, a chain from your son?
“inez ferguson: Yes.
“defense counsel: This wasn’t something that you had seen?
“inez ferguson: No. My son told me about it.” (Transcript at 51-52.)
Based on the foregoing, the defense moved to have the prompt outcry jury instruction delivered. (See CJI2d[NY] Prompt Outcry.) The People contend that it should not be submitted because there was insufficient proof adduced at trial to establish that the outcry was prompt.
*618 Discussion
The court is faced with a unique question; namely, whether prompt outcry testimony is applicable where, as here, the crime of robbery is charged. Although the doctrine surely has standing vis-á-vis crimes of a sexual nature, where visceral rather than reasoned reflection is evident (see People v Rice, 75 NY2d 929 [1990]; People v Thomas, 176 AD2d 470 [1st Dept 1991], lv denied 79 NY2d 833 [1991]), there appears to be no reported cases beyond this arena.
Prompt outcry testimony “evolved from the common-law requirement of ‘hue and cry,’ where all victims [of any crime] were required to prove they immediately alerted the community that a crime had occurred.” (People v McDaniel, 81 NY2d 10, 16 [1993].) In rape cases, when “a virgin has been so deflowered and overpowered, against the peace of the lord the king, forthwith and while the act is fresh she ought to repair with hue and cry to the neighboring vills and there display to honest men the injury done to her.” (6 Wigmore, Evidence § 1760, at 240 [Chadbourn rev 1976], quoting H. de Bracton, De Legibus Angliae, f. 147 [ca 1250].)
Since “the ‘hue and cry’ rule proved largely ineffective because it did not assure the capture of the perpetrator and because even someone complicit in a crime could raise a cry of complaint” (State v Hill, 121 NJ 150, 158, 578 A2d 370, 374 [1990]), its requirement was abandoned in most cases. However, “courts continued to require hue and cry in rape cases” (Hill, supra) because “it is so natural as to be almost inevitable, that a female, upon whom the crime has been committed, will make immediate complaint thereof.” (Baccio v People, 41 NY 265, 268 [1869]; see also Prince, Richardson on Evidence § 8-615, at 653 [Farrell 11th ed 1995] [“The reason for admitting this evidence rests on the notion that it is natural to expect that the victim of such an outrage will make prompt disclosure”]; 4 Wigmore, Evidence § 1134 [Chadbourn rev 1976].)
With the development of rules of evidence, including the rule barring the use of hearsay evidence,
“the ‘hue and cry’ rule in rape cases was replaced by the fresh-complaint rule . . . [which] excluded the details of the complaint and did not allow testimony in order to prove the underlying issue of whether the woman had been raped. The narrow purpose of the rule was to negate any inference that because the victim had failed to tell anyone that she *619 had been raped, her later assertion of rape could not be believed.” (Hill, supra, 121 NJ at 159, 578 A2d at 375; see also Prince, Richardson on Evidence, supra.)
“The contemporary rationale for permitting prompt outcry evidence is that some jurors would inevitably doubt the veracity of a victim who failed to promptly complain of a sexual assault, such conduct being natural for an outraged female.” (McDaniel, supra at 16 [internal quotation marks omitted]; see also Hill, supra, 121 NJ at 165, 578 A2d at 378 [“If we were to ehminate the . . . rule, rape victims would suffer whenever members of the jury held prejudices that women who do not complain have not really been raped”].)
Although the First Department has held that prompt outcry testimony is permissible in sex crimes other than rape {see Thomas, supra [sexual abuse]), many of which did not exist at the time the rule was first developed, it has never been extended to cases such as the one at bar in which the charges are based on an underlying robbery. While robbery is a serious felony, it is not a crime of such outrage as sexual offenses which warrant the allowance of prompt outcry testimony and its correlative jury instruction.
Moreover, an outcry is prompt only “if made ‘at the first suitable opportunity’ . . . and ‘is a relative concept dependent on the facts.’ ” {People v Shelton, 1 NY3d 614, 615 [2004], quoting People v O’Sullivan, 104 NY 481, 486 [1887]; see also Prince, Richardson on Evidence, supra.) In McDaniel (supra at 17), the Court of Appeals noted that although reporting a sexual assault on the following day would “unquestionably satisfy the first-suitable-opportunity requirement[,] . . . statements made by the complainant days later ... to the police or prosecutor . . . could not be admitted as prompt outcry.” (See also People v Deitsch, 237 NY 300, 304 [1923] [“Immediately after the assault it was shown that the child made complaint to a neighbor. Such testimony was competent . . . Half an hour later, not as the natural result of reaction to the crime but in reply to questions she gave the details concerning it to a policeman. Those details given by him were inadmissible”].)
Likewise, in People v Leon (209 AD2d 342, 343 [1st Dept 1994], lv denied 84 NY2d 1034 [1995]), sexual assaults occurred, yet it was not until months later that “the child complained to her mother.” Although harmless error, the First Department held that this testimony was improperly received as a prompt *620 outcry because “the timing of the outcry was insufficiently prompt for this evidence to have been admitted on this theory.” (Id.; see also People v Zurak, 168 AD2d 196 [3d Dept 1991] [complaint in May 1988 regarding incidents that occurred in the spring of 1986 and August 1987 was not prompt], lv denied 79 NY2d 834 [1991], cert denied 504 US 941 [1992]; cf., People v Abreu, 283 AD2d 194 [1st Dept 2001], lv denied 96 NY2d 898 [2001]; People v Burgos, 253 AD2d 718 [1st Dept 1998], lv denied 92 NY2d 1048, 1052 [1999]; People v Vanterpool, 214 AD2d 429 [1st Dept 1995], lv denied 86 NY2d 875 [1995].)
Here, there is no testimony as to how long after the alleged robbery Isaiah Ferguson informed his mother about the incident nor what occurred in the interim that would make any delay justified. Rather, the only information regarding any outcry testified to was the fact that, at some unknown point in time, Isaiah informed his mother about the alleged incident. This is patently insufficient to qualify such testimony as prompt outcry testimony, and, therefore, such a jury instruction, including its permissible inferences against the People, will not be provided to the jury.
Conclusion
Ordered that defendant’s motion for a prompt outcry jury instruction is denied.
[Portions of opinion omitted for purposes of publication.]