(November 18, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL BROWN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RAYE, Appellant. [997 NYS2d 136]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at speedy trial motions; Bonnie G. Wittner, J., at jury trial and sentencing), rendered July 7, 2011, as amended November 28, 2011, convicting defendant Brown of robbery in the first and second degrees, attempted gang assault in the first degree, assault in the second degree and attempted robbery in the first degree, and sentencing him to an aggregate term of seven years, unanimously affirmed. Judgment, same court and Justice, rendered June 30, 2011, convicting defendant Raye of the same crimes and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

The verdict, as to all charges against both defendants, was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of the victim's background and its resolution of any inconsistencies in his account of this violent incident in which he was beaten, and stomped on the head, causing him to lose consciousness and suffer skull fractures. The sequence of events, including Brown's aggressive request for money, and the overall course of conduct of Brown, Raye, and a third participant support the inference that all three participants acted in concert with regard to each of the crimes charged (see People v Allah, 71 NY2d 830 [1988]; see also People v Smokes, 165 AD2d 696 [1st Dept 1990], lv denied 76 NY2d 991 [1990]). The evidence refutes Brown's assertion that his assault on the victim was without larcenous intent and was separate from the nearly simultaneous actions of the other participants. The evidence also supports the inference that defendants intended to cause serious physical injury and came dangerously close to doing so.

Defendants failed to preserve their speedy trial claims. In response to defendants' motions, the prosecution submitted an affirmation that set forth the dates of the appearances and the reasons for the adjournments. They also indicated why they believed certain adjournments were not chargeable to the People under CPL 30.30. Defendants did not put in a reply to contest the reasoning of the People's opposition papers, and thus "failed to identify the specific legal and factual impediments" to the exclusions asserted by the People (People v Beasley, 16 NY3d 289, 292 [2011]), and that obligation requires strict adherence (id. at 293).

We perceive no basis for reducing Brown's sentence. Concur—Gonzalez, P.J., Saxe, Richter, Feinman and Kapnick, JJ.