Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated July 20, 2015. The order adjudicated Tasheema B. a juvenile delinquent and directed her placement in a nonsecure detention facility with the Administration for Children’s Services for a period of 12 months. The appeal brings up for review so much of a fact-finding order of that court dated May 12, 2015, as, after a hearing, found that Tasheema B. had committed acts which, if committed by an adult, would have constituted the crimes of attempted gang assault in the first degree and attempted assault in the second degree.
Ordered that the order of disposition is affirmed, without costs or disbursements.
The appellant contends that the Family Court’s finding that she intended to cause serious physical injury (see Penal Law § 10.00 [10]) was not supported by legally sufficient evidence and was against the weight of the evidence. Serious physical injury is an element of attempted gang assault in the first degree and attempted assault in the second degree. Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to support a finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted gang assault in the first degree (see Penal Law §§ 110.00, 120.07) and attempted assault in the second degree (see Penal Law §§ 110.00, 120.05 [1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Tiyana D.R., 130 AD3d 833 [2015]; cf. CPL 470.15 [5]), we nevertheless accord deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Darnell C., 66 AD3d 771 [2009]; cf. People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the court’s determination with respect to those charges was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; cf. People v Romero, 7 *1118 NY3d 633, 644-645 [2006]). The proof adduced supported the court’s finding (see People v Armstrong, 125 AD3d 1493 [2015]; People v Brown, 122 AD3d 461 [2014]; People v Mazariego, 117 AD3d 1082, 1083 [2014]).
The appellant was not entitled to a missing witness charge (see Matter of Raymond G., 283 AD2d 576 [2001]; Matter of Paul N., 244 AD2d 488 [1997]).
Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.