■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BELL, Appellant.

Memorandum: Defendant was convicted of first degree manslaughter as a lesser included offense of second degree murder as charged in the indictment. Defendant admitted shooting an acquaintance but claimed he did so in self-defense. Defense counsel's cross-examination of four of the People's witnesses revealed that each witness had been interviewed by the prosecutor who had taken handwritten notes of each interview. The prosecutor refused to turn over his notes to defense counsel, arguing that they constituted attorney work

product and were exempt from the *Rosario* rule *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *see also,* CPL 240.45). The trial court agreed and denied defense counsel's request for disclosure. We reverse.

The prosecutor's notes clearly constitute *Rosario* material *(see, People v Consolazio,* 40 NY2d 446, 453, *cert denied* 433 US 914; *People v Hawa,* 15 AD2d 740, *affd* 13 NY2d 718) and are neither exempt as attorney work product *(see, People v Horton,* 19 AD2d 80), nor duplicative of other statements given *(see, People v Consolazio, supra).* The prosecutor's alleged good-faith belief that the notes were privileged is irrelevant *(People v Jones,* 70 NY2d 547, 553; *People v Ranghelle,* 69 NY2d 56, 63-64), as is the fact that the prosecutor allowed the court to examine the notes *(see, People v Perez,* 65 NY2d 154, 160). The prosecutor's violation of the *Rosario* rule requires reversal of the judgment and a new trial without regard to harmless error analysis or whether defendant suffered any prejudice *(see, People v Jones, supra; People v Novoa,* 70 NY2d 490, 499; *People v Ranghelle, supra; People v Perez, supra).* Accordingly, the indictment must be dismissed, without prejudice to the People to resubmit the case to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633). (Appeal from judgment of Monroe County Court, Celli, J.—manslaughter, first degree.) Present—Doerr, J. P., Denman, Green, Lawton and Davis, JJ.