OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
According to the complainant, on a bright, sunny afternoon in August 1986, she left her Manhattan apartment to visit her grandson and, after waiting a short time for a bus, decided to walk. She was proceeding down a ramp when she was approached from behind by defendant, who placed his hands on her shoulders and turned her around to face him; his trousers were open and he told her, "I’m going to have sex with you.” *931 After threatening to beat her, defendant led the complainant down an embankment and raped her, repeatedly reminding her not to look at him. Defendant then returned to the top of the embankment, where he waited for the complainant and spoke with her. He fled after picking up his blue-green knapsack, from which he removed a tattered manila envelope. During the incident, which took 20-25 minutes, the complainant kept her eyes focused on defendant.
When she later encountered a patrol car, the complainant reported that she had been raped and fully described her assailant, including the knapsack, to the police. Two weeks later, she immediately picked the defendant out of a lineup; he was at that time in possession of both the blue-green knapsack and the manila envelope, which the complainant identified. She also identified the defendant at trial; at trial, additionally, three police officers related the description the complainant had given them, adding nothing to her account.
The major contention advanced by defendant on this appeal is that it was reversible error to admit the testimony of the complainant and police officers concerning a description of the perpetrator given by the complainant to the police immediately after the rape. Defendant argues that this testimony was inadmissible hearsay and improper bolstering through introduction of prior consistent statements.
We do not agree with defendant that such testimony is never admissible under any theory (see, People v Huertas, 75 NY2d 487 [decided today]).* We do agree, however, that it was not properly received as evidence of the victim’s prompt outcry — the ground advanced by the People at trial. Evidence that the victim of a sexual attack promptly complained of the crime has long been deemed admissible as an exception to the hearsay rule, the premise being that prompt complaint was "natural” conduct on the part of an "outraged female,” and failure to complain therefore cast doubt on the complainant’s veracity; outcry evidence was considered necessary to rebut the adverse inference a jury would inevitably draw if not presented with proof of a timely complaint (Richardson, Evidence § 292 [Prince 10th ed]; see also, Note, A Matter of Time: Evidence of a Victim’s Prompt Complaint in New York, 53 Brooklyn L Rev 1087 [1988]).
*932 Most of the evidence admitted on the theory of prompt outcry was, as defendant objected, clearly beyond the scope of the exception. As is apparent from its rationale, the exception permits evidence that a timely complaint was made. It does not allow the further testimony concerning details of the incident that was given here. Such testimony goes beyond the limited purpose of the exception, which is simply to show that a complaint was made (People v Deitsch, 237 NY 300; Baccio v People, 41 NY 265).
We conclude, however, that although it was error to admit the description testimony under the prompt outcry exception, the error does not warrant reversal. The complainant’s identification of defendant was strong, and consistent with her trial testimony concerning the rapist’s appearance. The rape took place in broad daylight and lasted almost half an hour. The complainant and the defendant were face-to-face during that time, and she again viewed him in broad daylight when he waited for her and spoke to her. When defendant was later arrested, he was carrying the knapsack containing the tattered manila envelope, which the complainant immediately recognized after identifying defendant in a lineup.
Given this overwhelming evidence of defendant’s guilt, there was no significant probability that the erroneously admitted testimony contributed to the jury’s verdict (People v Crimmins, 36 NY2d 230, 242). We are similarly unpersuaded that the verdict was affected by the fact that the complainant testified — over defendant’s objection — that when she saw defendant’s knapsack and the manila envelope, she told a detective that she recognized them, rather than giving that very same testimony in nonhearsay form.
 Defendant’s remaining claims are without merit. It was not an abuse of discretion for the trial court to rule that evidence of defendant’s height would be limited to permitting defendant to stand for the jury to observe. Since the complainant had testified about the rapist’s height relative to her own, this form of evidence on the point was probative of the issue. Defendant’s allegations of prejudice resulting from the delayed disclosure of certain Rosario material relate primarily to its effect on the introduction of the "prompt outcry” testimony discussed above, and we have already concluded that this evidence does not require reversal. Finally, the only remedy requested — indeed demanded — by defense counsel for the inadvertent destruction of a police tape containing a radio transmission of the rapist’s description was an immediate *933 mistrial, and the court did not abuse its discretion in denying that drastic remedy (see, People v Kelly, 62 NY2d 516).

 Our recognition that such testimony may be admissible of course does not constitute a holding that four witnesses may give this identical evidence (see, People v Ventimiglia, 52 NY2d 350, 356; People v Fogel, 97 AD2d 445, 446).