■ In the Matter of OMAR D., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Friedman, J.), dated September 9, 1988, which, upon a fact-finding order of the same court, dated February 25, 1988, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the second degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title II, for a period of 18 months. The appeal brings up for review the fact-finding order dated February 25, 1988.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the court properly denied his request for a *Wade* hearing upon the uncontradicted evidence that the complainant and the appellant attended the same junior high school for a period of one year prior to the incident, that the complainant knew the appellant by sight and by name, and that the complainant identified him to a school security guard. The stationhouse showup procedure was merely confirmatory *(see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543), and, therefore, no identification issue is presented on this record.

Moreover, upon review of the record we find that the appellant was not "substantially prejudiced" by the late receipt of certain *Rosario* material, namely, a police officer's scratch notes tending to impeach the complainant's credibility *(see, People v Martinez,* 71 NY2d 937, 940; *People v Rice,* 75 NY2d 929)*. This material was admitted into evidence by the appellant, the Law Guardian did not request an opportunity to renew cross-examination of the complaining witness and the Family Court addressed and considered the evidence in its factual determination. Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur.