■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY GERVAIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered October 23, 1985, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his codefendant were charged with the forcible stealing of property from the two complaining witnesses. Both complainants had known the defendant for several years, and one complainant had in fact attended elementary school with the defendant. Both complainants testified that on December 6, 1983, the defendant produced a handgun, pointed it at them, and demanded that they remove their coats. This testimony was supported by that of a third eyewitness to the robbery. Both complainants surrendered their coats at gunpoint.

Shortly after the crime, both complainants notified the police that they had been robbed by the defendant, who was known to them as "Short Arm". The record reflects that one of the defendant's arm is, in fact, shorter than the other, thus explaining the derivation of his nickname. The defendant was also seen wearing one of the stolen coats after the incident; in fact, both complaining witnesses claim that several days after the crime, the defendant approached them and promised to return one of the complainant's coats.

On appeal, the defendant argues that the trial court erred in allowing the jury to hear a portion of a written statement which had been given by the complainant to the codefendant's mother. The statement in question tends to exculpate the codefendant and to inculpate the defendant, and it was admitted into evidence on the motion of the codefendant's attorney. The People concede that they had a copy of the statement, and failed to produce it prior to the prosecutor's opening statement *(see,* CPL 240.45 [1]; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). However, they correctly note that

automatic reversal is not required for this reason, since the statement was in fact produced during the trial *(see, People v Martinez,* 71 NY2d 937).

The inculpatory portion of the statement constituted inadmissible hearsay. However, in light of the truly overwhelming quantity of evidence, the error in admitting this portion of the statement was harmless *(cf., People v Rice,* 75 NY2d 929). This hearsay evidence may have bolstered the in-court identification of the complainant who authored the statement to some extent, but considering that both complainants knew the defendant, and were thus able to make iron-clad in-court identifications, which were confirmed by the in-court identification of a *third* eyewitness, we conclude that there was no significant probability that this error affected the verdict *(see, People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining contentions, to the extent that they are properly preserved for appellate review, and find them to be without merit. Bracken, J. P., Kunzeman, Kooper and Lawrence, JJ., concur.