■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO BANCH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bambrick, J.), rendered August 17, 1988, convicting him of manslaughter in the first degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the second degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we discern no violation of the *Rosario* principle in the People's nondisclosure of a "Homicide Bureau Report" authored by an Assistant District Attorney who testified for the People at trial. The record reveals that the report constituted a type of internal worksheet containing, *inter alia,* the name of the trial assistant who had taken the defendant's statements, the detective assigned to appear in the event of Grand Jury action and the names and addresses of witnesses. According to the trial assistant who had compiled it, the report was created so as to ensure that the Assistant District Attorney charged with

subsequently presenting the case to the Grand Jury "could keep track of all the evidence in the case". Under these circumstances, and since the report contained neither the statements of witnesses nor interview summaries drawn from statements of witnesses, the report constituted work product that was not subject to disclosure as *Rosario* material *(see,* CPL 240.10 [2]; *cf., People v Adger,* 75 NY2d 723, 726; *People v Consolazio,* 40 NY2d 446, 452-453, *cert denied* 433 US 194; *People v Rayford,* 158 AD2d 482; *People v Bell,* 140 AD2d 937). Although the disclosure of statements made by two other prosecution witnesses was delayed, the record establishes that the defendant sustained no discernible prejudice as a result *(cf., People v Wallace,* 76 NY2d 953).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or lacking in merit. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.