■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW H. ROBERTS, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered April 26, 1988, convicting him of sodomy in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

While the defendant was being transported to the police station following his arrest, he was properly advised of his rights under *Miranda v Arizona* (384 US 436). He voluntarily and intelligently waived those rights, and indicated his willingness to answer questions. However, there was no interrogation en route. Upon arrival at the police station and before the defendant made a tape-recorded statement, he signed a "Voluntary Statement Form" which paraphrased the *Miranda* warnings. The defendant contends that these warnings are defective and incomplete and hence his taped statement is inadmissible. We do not agree. The defendant does not question the correctness of the warnings given to him on the way to the police station, nor does he deny that he freely and voluntarily waived his rights. Therefore, even if the warnings set forth in the Voluntary Statement Form were in some way defective, his statement was nevertheless made after a valid waiver of his *Miranda* rights.

The defendant also contends that two separate *Rosario* violations require reversal. We do not agree with this contention. Notes made by the prosecutor during an interview with the victim were properly examined by the trial court in camera *(People v Adger,* 75 NY2d 723; *People v Poole,* 48 NY2d 144). Our own review of these notes confirms the finding of the trial court that they consist of catch words designed to jog the prosecutor's memory, and drafts of questions the prosecutor intended to ask the witness. They did not consist of "abbreviated notes capsulizing witnesses' responses to questions relating directly to material issues raised on defendant's trial" *(People v Consolazio,* 40 NY2d 446, 453, *cert denied* 433 US 914) and are thus outside the holding of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 566).

A different facet of the *Rosario* situation is presented with respect to the notes taken by the assigned detectives during their initial interview with the victim. Pursuant to a procedure established within the Poughkeepsie Police Department, the detectives destroyed these notes after they had been

transcribed into a formal report. Such a procedure is improper *(see, People v Wallace,* 76 NY2d 953). The original notes constituted *Rosario* material, and pursuant to *People v Martinez* (71 NY2d 937) and *People v Wallace (supra),* the defendant was entitled to an appropriate sanction if they were destroyed. However, in this case, the only sanction requested by the defendant was a mistrial and/or dismissal of the indictment. Merely granting a mistrial would be a futile gesture since the notes would not be available at any retrial *(see, People v Rice,* 75 NY2d 929). Similarly, dismissal of the indictment is a drastic remedy and as a general matter should not be invoked in response to the prosecutor's wrongful failure to preserve evidence *(see, People v Kelly,* 62 NY2d 516, 520). Since these were the only sanctions requested by the defendant, the trial court did not improvidently exercise its discretion in denying the defendant's request *(see, People v Rice, supra).*

While it was error to permit the victim to testify on direct examination as to what he had told his mother and the police regarding the details of the crime *(see, People v Rice, supra; People v Deitsch,* 237 NY 300), the error was harmless. Here, the evidence of guilt was overwhelming and included two taped statements of the defendant admitting his participation in the crime. There was no significant probability that the erroneously admitted testimony contributed to the jury's verdict *(see, People v Crimmins,* 36 NY2d 230).

We have considered the defendant's remaining contentions, including his claim that his sentence is excessive, and find them to be without merit *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.