■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL A. JONES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered June 13, 1990, convicting him of robbery in the first degree, burglary in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that reversible error took place as a result of the failure of the prosecutor to turn over an investigating officer's original notes, taken during an interview with the robbery victim, which contained a description of the suspects. However, this contention is unpreserved for appellate review *(see, People v Simonds,* 73 NY2d 945; *People v Merchant,* 171 AD2d 887). In any event, although the practice employed by the officer in this case of transcribing original notes into a formal report and then destroying the notes has been held to be improper *(see, People v Wallace,* 76 NY2d 953; *People v Roberts,* 178 AD2d 622), in this case the defendant did not request any sanction *(see, People v Martinez,* 71 NY2d 937). Further, the defendant admitted that he was present during the robbery, and, therefore, the issue of identification was not contested *(cf., People v Wallace, supra).*

Also without merit is the defendant's contention that he was deprived of the effective assistance of counsel. Our review of the record leads us to conclude that he received meaningful representation throughout *(see, People v Baldi,* 54 NY2d 137, 147).

The defendant's remaining contentions are either unpre-

served for appellate review, without merit, or do not require reversal. Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.