■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD ROBERTS, Appellant. [602 NYS2d 475] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of rape in the first degree, attempted sodomy in the first degree, robbery in the third degree, grand larceny in the fourth degree and unlawful imprisonment in the first degree. Defendant contends that the court erred in admitting the testimony of the victim's boyfriend and a police investigator under the prompt complaint or prompt outcry exception *(see, People v McDaniel,* 81 NY2d 10, 16; *People v Rice,* 75 NY2d 929, 931) because the victim's complaint was not made promptly *(see, People v Kornowski,* 178 AD2d 984). That contention, raised for the first time on appeal, is not preserved for appellate review *(see,* CPL 470.05).

Defendant also contends that that testimony was improperly admitted because it constituted improper bolstering and exceeded the purpose of the prompt outcry exception *(see, People v McDaniel, supra,* at 17). We agree. It is well established that, under that exception, only the fact of the complaint may be elicited, not the accompanying details of the incident that were given here *(see, People v McDaniel, supra; People v Rice, supra).* The error in the admission of that testimony, however, does not warrant reversal. The identification by the victim of defendant was strong and consistent with her trial testimony regarding her description of her assailant, particularly the disfigurement on his chest and stomach areas *(see, People v Rice, supra,* at 932). In light of the overwhelming evidence of defendant's guilt, there was no significant probability that defendant would have been acquitted but for the admission of that evidence *(see, People v Rice, supra,* at 932; *People v Crimmins,* 36 NY2d 230; *People v Harrison,* 176 AD2d 1199, 1200, *lv denied* 79 NY2d 827). Moreover, the challenged testimony given by the victim's boyfriend and the police investigator was cumulative of properly admitted evidence, it related to facts not material to the crimes charged, and it did not conflict with defendant's account of the incident.

Additionally, there is no merit to defendant's contentions that the trial court erroneously admitted inferential hearsay and improper bolstering testimony from the victim's father and that the trial court erred in permitting the prosecutor to impeach defendant's credibility on cross-examination by asking defendant whether his hospitalization was the result of cocaine use.

Defendant failed to preserve for appellate review his arguments that the trial court erred in marshalling the evidence and in its instructions on corroboration evidence (see, CPL 470.05). In any event, those arguments lack merit.

Finally, we reject the contention that the prosecutor was improperly permitted to use defendant's pretrial silence to impeach defendant's trial testimony (see, People v De George, 73 NY2d 614, 616; People v Conyers, 52 NY2d 454, 457). Contrary to his contention, defendant did not invoke his right to remain silent, but agreed to speak to the police and offered an exculpatory statement that included an explanation of his activities at the time of the incident. Therefore, impeachment by the prosecutor was proper (see, People v Savage, 50 NY2d 673, cert denied 449 US 1016; People v Aponte, 180 AD2d 910, lv denied 79 NY2d 997; People v Cruz, 177 AD2d 363, 364). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.