■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL VALENTIN, Appellant. [603 NYS2d 539] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered October 5, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In order to sustain the finding of guilt against the defendant for criminal sale of a controlled substance in the third degree, "it must appear that the jurors could properly draw an inference from the evidence presented that the defendant acted with the mental culpability necessary to commit the crime charged and that in furtherance thereof he solicited, requested, commanded, importuned or intentionally aided the seller to commit such crime" (People v Reyes, 82 AD2d 925,

926; *see,* Penal Law § 20.00). We find that the evidence adduced at the trial was legally sufficient to establish that the defendant had the requisite mental culpability for the crime of criminal sale of a controlled substance in the third degree.

The undercover police officer testified that, upon his inquiry, "Is anyone working?", i.e., selling drugs, the defendant responded "What do you want?" The undercover officer replied "two", meaning two vials of crack cocaine. The defendant pointed to a codefendant and instructed him to "Go upstairs and get it". That codefendant and another codefendant went toward their hotel, retrieved the cocaine from inside, and sold $10 worth of cocaine to the undercover officer. This evidence demonstrates the defendant's intentional participation in the sale, and therefore is sufficient to prove a prima facie case *(see, People v Armstrong,* 144 AD2d 369; *People v Diaz,* 112 AD2d 311). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Balletta, Miller and Joy, JJ., concur.