■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVO ZAMORA, Appellant. [621 NYS2d 381] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered September 8, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the closure of the courtroom during the undercover police officer's testimony was proper. The court conducted an inquiry which established that the officer was operating in an undercover capacity in Jamaica, Queens, which included the area around the courthouse. The officer had a number of ongoing investigations in that area as well as pending cases in the Jamaica courthouse. He feared for his safety if the courtroom was not closed. Under these circumstances, we find that the factual showing was sufficient to support closure of the courtroom *(see, People v Martinez,* 82 NY2d 436; *People v Campbell,* 204 AD2d 474; *People v Leybovich,* 201 AD2d 670).

The trial court did not improvidently exercise its discretion

in rendering a *Sandoval* ruling permitting the prosecutor to cross-examine the defendant as to one prior misdemeanor conviction and the sentence imposed thereon, without inquiry into the underlying facts *(see, People v Winters,* 194 AD2d 703; *People v Cook,* 187 AD2d 524).

The defendant's claims of prosecutorial misconduct are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit *(see, People v Galloway,* 54 NY2d 396; *People v Thomas,* 186 AD2d 602).

The sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.