■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SIMMONS, Appellant. [626 NYS2d 823] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered January 24, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Closure of the courtroom during the testimony of the under-

cover police officers was proper *(see, People v Martinez,* 82 NY2d 436). In light of the testimony of the officers regarding their continued assignment as undercover officers in the vicinity of the courthouse in Queens, the precautions they took to protect their identities when entering the courthouse, as well as their particularized concerns regarding lost subjects and potential trials, the trial court did not improvidently exercise its discretion in ordering the closure of the courtroom *(see, People v Zamora,* 211 AD2d 834; *People v Arroyo,* 208 AD2d 940).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's intentional participation in the sale was demonstrated by his statement that he was "working" in response to the undercover officer's inquiry, his questioning the undercover officer as to what the officer wanted to purchase and as to whether the undercover had ever bought in the area before, and his directing a confederate to serve the undercover *(see, People v Valentin,* 198 AD2d 315, 316). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant was not denied the effective assistance of counsel on the ground that the trial counsel failed to request a circumstantial evidence charge *(see, People v Flores,* 84 NY2d 184, 187). Where, as here, there was direct evidence of the defendant's guilt, a circumstantial evidence charge was unwarranted *(see, People v Daddona,* 81 NY2d 990, 992). Miller, J. P., Thompson, Pizzuto and Santucci, JJ., concur.