THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WOOTEN, Appellant. [634 NYS2d 159] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered June 1, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to a public trial *(see,* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 946). At a hearing pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), an undercover police officer testified that he would be returning to the area and very street corner adjacent to where the defendant was arrested, and to the area where the defendant lived, in his capacity as an undercover officer, and that he was engaged in pending cases and ongoing investigations. He stated that his testimony in open court could threaten his viability as an undercover officer and could threaten his safety. That testimony met the requirements for closure set forth in *People v Martinez* (82 NY2d 436). The defendant does not dispute that the general requirements for closure set forth in *People v Martinez (supra)* had been met, but asserts that closure was overbroad, because the court "closed the courtroom to appellant's father". This contention is unpreserved for appellate review *(see, People v Pearson,* 82 NY2d 436; *People v Hammond,* 208 AD2d 559; *People v Bouche,* 208 AD2d 445).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.