■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD R. BARRIGAR, Appellant. [649 NYS2d 756] —Case held, decision reserved and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: In response to defendant's demand for *Rosario* material, the prosecutor asserted that her notes were attorney work product and therefore not discoverable. Defense counsel argued that any portions of the prosecutor's notes that contain summaries of witness testimony constitute *Rosario* material. County Court summarily denied the request on the ground that the notes were attorney work product. That was error. It is well settled that prosecutors' notes that include summaries of witness statements constitute *Rosario* material and are discoverable (*see, People v Consolazio,* 40 NY2d 446, 453; *People v Bell,* 140 AD2d 937). Where a question arises whether portions of the prosecutor's notes fall within the work product exception, the court should conduct an in camera examination of the material (*see, People v Poole,* 48 NY2d 144, 149). The matter "must therefore be remitted to the trial court for a determination as to whether [defendant is] entitled to the documents requested under *Rosario*" (*People v Adger,* 75 NY2d 723, 726; *see also, People v Clark,* 215 AD2d 400; *People v Jones,* 91 AD2d 1175).

The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). We have examined the remaining issues raised by defendant in counsel's brief and the *pro se* supplemental brief and conclude that they lack merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Sodomy, 1st Degree.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.