■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS A. RAMOS, Appellant. [653 NYS2d 606] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered April 15, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Justice Goldstein has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

During the trial, two undercover police officers testified. At a *Hinton* hearing (see, People v Hinton, 31 NY2d 71, cert denied 410 US 911), both officers testified that they were still engaged in undercover work and would be returning to the area of the defendant's arrest in an undercover capacity within days following the trial. Both officers had pending cases and had sold narcotics to unapprehended individuals in Queens, and both officers feared for their safety if their identities became known (see, People v Martinez, 82 NY2d 436; People v Parrish, 224 AD2d 553; People v Wooten, 221 AD2d 674; People v Simmons, 215 AD2d 511; People v Zamora, 211 AD2d 834). To conceal their identities, both officers rode to the court in unmarked private cars, and entered the courthouse through entrances segregated from the public (see, People v Martinez, supra, at 440). Both officers had seen subjects of their investigations in the vicinity of the courthouse (see, People v Martinez, supra; People v Abdul-Aziz, 216 AD2d 77; People v Simmons, supra). One of the officers had been threatened with a gun, and noted that he had also been threatened on other occasions. The testimony of the officers established that there were overriding interests justifying limitation of the defendant's right to a public trial (see, People v Martinez, supra; People v Kin Kan, 78 NY2d 54, 58).

The trial court, in determining the extent to which that right would be limited, considered reasonable alternatives to closure. The trial court suggested that one of the officers could wear dark glasses to court. At that juncture, the defense counsel expressed concern, noting that "[d]ark glasses are one thing but anything other than glasses I would certainly ask for notice beforehand".

With respect to one of the officers, the court ordered only limited closure, allowing in "anyone connected with today's calendar" and any attorneys, but excluding "strangers who have no direct business with the Court". With respect to the officer who had been physically threatened, the court ordered complete closure because of the threats, the fact that the officer had pending cases in court, and the fact that he had seen his subjects in the area of the courthouse. Thus, the court insured that closure was no broader than necessary to protect the interest of the particular officer who would be testifying, and made findings in support of its determination. Under the circumstances, it cannot be said that the defendant's right to a public trial was violated (see, People v Kin Kan, supra, at 58).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Miller, J. P., Altman, Krausman and Goldstein, JJ., concur.