■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY DIAZ, Appellant. [655 NYS2d 544] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered September 29, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the *Hinton* hearing (*see, People v Hinton*, 31 NY2d 71, *cert denied* 410 US 911), the undercover police officer testified that he intended to return in the near future in an undercover capacity to the street corner where the defendant was arrested, the street where the defendant lived, and the area of the courthouse. He had other cases pending on the same floor of the courthouse where the trial was being held. He also had cases pending before the Grand Jury. Some of the subjects of his investigations were not apprehended. The defendant's accomplice was at large, and a bench warrant had been issued for him. The officer had received threats, including a threat from this defendant, who warned him during the course of the crime that he "better not be a cop" if he knew what was good for him. To conceal his identity, the officer parked his car three blocks from the courthouse, and entered the building from the back.

The officer's testimony established that there were overriding interests justifying a limitation of the defendant's right to a public trial (*see, People v Martinez*, 82 NY2d 436; *People v Kin Kan*, 78 NY2d 54, 58; *People v Feliciano*, 228 AD2d 519; *People v Wooten*, 221 AD2d 674; *People v Simmons*, 215 AD2d 511). Based upon that hearing testimony, the court closed the courtroom during the officer's trial testimony. However, the court insured that closure was no broader than necessary to protect the officer's interest, by permitting any attorneys with business with the court to be present. Accordingly, the defendant's right to a public trial was not violated (*see, People v Kin Kan, supra*, at 58).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.