■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWFORD GOURGUE, Appellant. [657 NYS2d 737] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered February 20, 1996, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that a list of questions prepared by the prosecutor during a pretrial interview with the complaining witness constituted *Rosario* material (*see, People v Rosario,* 9 NY2d 286), which should have been disclosed to the defense. We agree. It is well settled that "[t]he character of a statement is not to be determined by the manner in which it is recorded" (*People v Consolazio,* 40 NY2d 446, 453), and that the defendant is entitled to witness statements in whatever form they take (*see, People v Cavallerio,* 71 AD2d 338, 344; *see also, People v Machado,* 228 AD2d 700). Here, the prosecutor incorporated factual statements made by the complainant into a list of

proposed questions with the admitted intent of circumventing the *Rosario* rule by recording the statements in question form. Since the material prepared by the prosecutor clearly included the complainant's statements and was not merely attorney work product, the court erred in denying the defendant's request for disclosure (*see, People v Consolazio, supra; People v Barrigar,* 233 AD2d 845; *People v Cubilla,* 181 AD2d 788; *cf., People v Shaw,* 212 AD2d 745; *People v Gallardo,* 196 AD2d 551; *People v Roberts,* 178 AD2d 622). Accordingly, the defendant must be granted a new trial.

In light of our determination, we do not reach the defendant's remaining contentions. Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.