■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE PRYOR, Appellant. [664 NYS2d 54] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered May 22, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court's complete closure of the courtroom during the testimony of one undercover officer was not an overly broad measure which improperly deprived him of the right to a public trial (*cf., People v Martinez,* 82 NY2d 436; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 946). The record adequately supported the decision to close the courtroom to the public based on evidence that the officer continued to work in the same geographical area involved in this case, was engaged in ongoing, long-term undercover operations, and previously had been threatened and assaulted in connection with that work. Indeed, the defendant's attorney did not seriously contest the basis for closure. Thus, the proof established that the safety and effectiveness of the officer constituted an overriding interest which would likely be prejudiced in the absence of closure (*see, People v Ayala,* 90 NY2d 490; *People v Pearson,* 82 NY2d 436).

Moreover, the defendant failed to discharge his burden to "alert the court to any alternative procedures that allegedly would equally preserve the interest" (*People v Ayala, supra,* at 504). His counsel's generalized request that "any defense attorneys who seek to come in for any reason to observe be permitted to do so" failed to identify any particular person who wished to attend the proceedings, and no such individual was present in the courtroom at the time the request was made (*see, People v Ayala, supra; cf., People v Nieves,* 90 NY2d 426; *People v Gutierez,* 86 NY2d 817). The defendant's belated assertion on appeal that a court officer could have been posted *outside* the courtroom in order to admit only colleagues of the defendant's counsel is unpreserved for appellate review (*see,*

CPL 470.05 [2]; *People v Jackson,* 226 AD2d 476). In any event, such a measure would not constitute a reasonable alternative to complete closure in view of the defendant's failure to identify any specific person who wished to observe the testimony. Accordingly, the record does not indicate either that the court failed to consider reasonable alternatives to closure or that the closure was broader than necessary under the circumstances of this case (*see, People v Ayala, supra*).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.