■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHARY EATON, Appellant. [715 NYS2d 669] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered October 6, 1998, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention does not require reversal. Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.

■ . THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME FENELON, Appellant. [715 NYS2d 669] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered November 21, 1997, convicting him of sodomy in the second degree (two counts) and endangering the welfare of a minor, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly permitted the People to offer prompt outcry evidence (*see, People v McDaniel,* 81 NY2d 10; *People v Rice,* 75 NY2d 929).

The defendant's remaining contentions are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Fleming,* 70 NY2d 947) and, in any event, are without merit. Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.