OPINION OF THE COURT
Frank J. LaBuda, J.
The defendant, Michael Zazversky, is a 17-year-old defendant charged in Indictment No. 2002-032 with three counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and *348 three counts of endangering the welfare of a child (Penal Law § 260.10 [1]). The People allege that on three separate occasions from September 2001 to December 14, 2001 this defendant “rubbed up” against the complainant’s buttock, thereby subjecting Ryan Doe,[1] a seven-year-old male child, to sexual contact at the complainant’s residence in Ulster County.
The defendant, prior to opening statements, by motion in limine, seeks permission to call several witnesses, namely, the complainant’s second grade teacher, the school’s principal and nurse to testify that school records will show that no complaint of sex abuse was made to anyone at the school during the time of sexual abuse. The defense relies upon the Court of Appeals unambiguous holding in People v McDaniel (81 NY2d 10, 16): “[Ejvidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place.” (See also People v Groff, 71 NY2d 101; People v Rice, 75 NY2d 929.) The defense further argues that since a complainant’s changed demeanor or behavior, and prompt outcries would be appropriate corroboratory evidence in the People’s case-in-chief, the absence of prompt outcry, and the absence of any change in demeanor, school performance, or peer relationships is competent and relevant evidence to rebut the reliability of the complainant’s account. The defense maintains that the evidence in this case would show that the complainant’s academic performance and reading scores actually increased and there was no outcry, prompt or otherwise, ever made.
While the People concede that prompt outcry and changed demeanor are probative and admissible for the People’s casein-chief, they argue that the converse is not so. Indeed, the People intend to call the complainant’s father[2] and mother to testify that on the 14th day of December 2001, the day of the last incident when the father “walked in” on the incident, Ryan Doe complained to them and the police were notified two days later.
Allegations of sexual assault on a minor child require constant judicial vigilance to insure that a jury has a fair opportunity to assess the complainant’s credibility and determine if sexual abuse took place. In the instant case that vigilance is all the more compelling when both complainant and defendant are minors and there is the absence of any physical evidence or *349 admissions, tending to establish that the complainant was sexually assaulted.
Our courts have recognized that certain behavior in victims of sexual assault, such as prompt outcry and change in behavior, are means to ensure trustworthiness even though the requirement for corroboration in sex crimes with respect to child victims was largely abandoned. The contemporary rationale for permitting prompt outcry is that some jurors would inevitably doubt the veracity of a victim who failed to promptly complain of a sexual assault, such conduct being “natural” (People v McDaniel, supra at 16). Also, this exception to the rule against the admission of prior consistent statements is rooted in fairness to permit a party to rebut an influence of fabricated testimony. Although there may be many reasons why a victim of sexual assault does not make a prompt outcry, those issues are better left to a jury’s determination after hearing all the evidence.
The absence of any complaint for three months, the absence of any “rifts” in complainant’s relationship with the defendant or any changes in behavior or conduct is relevant and probative to the issue of trustworthiness and to the happenstance of a sexual incident.

. All names are fictitious (see, Civil Rights Law § 50-b).

. Ryan Doe’s father is a police officer in neighboring Dutchess County, New York.