—Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered March 5, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of nine years, unanimously affirmed.
Defendant did not preserve any of his arguments regarding the court’s discharge of a regular juror and an alternate who had been selected but not sworn, and the court’s procedure for replacing these jurors, and we decline to review them in the interest of justice. Despite having a sufficient opportunity to be heard, defense counsel only asked the court to excuse all jurors and start jury selection over, and he made only a vague argument for doing so. Furthermore, counsel gave no indication, at any time, that he wanted the two jurors to retain their positions. As an alternative holding, we find that the court’s actions were proper exercises of discretion under the circumstances presented (see People v Davis, 292 AD2d 168, 169 [1st Dept 2002], lv denied 98 NY2d 674 [2002]; People v Velez, 255 AD2d 146, 146 [1st Dept 1998]). In any event, there was no basis for the drastic remedy of a mistrial, the only remedy requested (see People v Rice, 75 NY2d 929, 932-933 [1990]; see also People v Young, 48 NY2d 995 [1980]).
The court properly denied defendant’s CPL 330.30 (2) motion *547 to set aside the verdict on the ground of jury misconduct, since defendant did not set forth a legal ground for such relief. In support of the motion, defendant presented only an affidavit from a dissatisfied juror that was merely an attempt to impeach the verdict with regard to the jury’s deliberative process (see People v Brown, 48 NY2d 388, 393-394 [1979]; People v Redd, 164 AD2d 34, 38-39 [1st Dept 1990]).
We perceive no basis for reducing the sentence.
Concur— Mazzarelli, J.E, DeGrasse, Abdus-Salaam, Manzanet-Daniels and Clark, JJ.